UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| EDWARD SANTIAGO, | ) |
| | ) |
| Movant, | ) |
| | ) |
| v. | ) |
| | ) Crim. No. 96-55-P-H |
| UNITED STATES OF AMERICA, | ) Civil No. 10-85-P-H |
| | ) |
| Respondent | ) |

**RECOMMENDED DECISION ON  28 U.S.C. § 2255 MOTION**

Edward Santiago has filed a 28 U.S.C. § 2255 motion seeking relief from his 125-month sentence imposed on February 19, 1997.  The Court also imposed a five-year term of supervised release. The docket reflects that Santiago did not pursue a direct appeal and he has not previously filed a 28 U.S.C. § 2255 motion. I have reviewed this motion pursuant to Rule Governing Section 2255 Proceedings 4(b) and recommend that the Court deny Santiago 28 U.S.C. § 2255 relief because his sentence from this court was terminated on February 22, 2010, when he was sentenced to a period of imprisonment for a violation of supervised release and his remaining period of supervised release was terminated. And even if he is now somehow considered to be in custody under the original conviction, his 28 U.S.C. § 2255 motion is unquestionably untimely.

*Discussion*

Since his sentencing in February 1997, the only activity on Santiago's criminal docket in this district is a November 21, 2007, motion to modify the terms of his supervised release.  This 28 U.S.C. § 2255 motion was filed on February 25, 2010.

Section 2255 of title 28 includes the following statute of limitations provision:

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of—
> **(1)** the date on which the judgment of conviction becomes final;
> **(2)** the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
> **(3)** the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> **(4)** the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C § 2255(f).  There is no question that Santiago's § 2255(f)(1) year has run.

Furthermore, Santiago is seeking the retroactive application of the crack sentencing guidelines and, "[t]o secure consideration of such a claim, Santiago must in the first instance file a motion with the sentencing court pursuant to 18 U.S.C. § 3582(c)(2)." United States v. Santiago, 566 F.3d 65, 72 (1st Cir. 2009)[1] (citing United States v. Lipscomb, 539 F.3d 32, 43 n. 9 (1st Cir. 2008) and United States v. Chandler, 534 F.3d 45, 51 (1st Cir. 2008)).  He has not done so.

In his 28 U.S.C. § 2255 motion Santiago refers to another post-conviction motion he filed which seems to refer to a § 2255 motion filed in the Eastern District of New York on December 31, 2009.[2]  As to that attempt, District Court Judge Allyne Ross ruled:

> Petitioner Edward Santiago … brings this motion to correct his federal sentence under 28 U.S.C. § 2255.  The motion is denied without prejudice to renewal in the United States District Court for the District of Maine….
> Although jurisdiction over petitioner's supervised release has been transferred to this court, see United States v. Santiago, No. 08-CR-117 (ARR), his motion seeks a reduction in his sentence due to amendments to the Sentencing Guidelines applicable to cocaine base offenses and must be made to his sentencing judge in the District of Maine, the Honorable D. Brock Hornby, who

---

[1]   Santiago shares the same last name as the defendant in this District of Massachusetts case who is identified as "Eddie" rather than "Edward."

[2]   Santiago failed to file Page 3 of his form motion but on the beginning of Page Four he answers the Page 3 question of whether he had, other than a direct appeal, previously filed any other motions, petitions, or applications concerning this judgment.

>sentenced him in his criminal case, <u>United States v. Santiago</u>, No. 2:96-55-P-H-01. Accordingly, petitioner's motion to vacate his sentence is denied. Petitioner is advised to file in the United States District Court for the District of Maine any motion seeking to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(2), based on the amendments to the Sentencing Guidelines which lowered the base offense levels applicable to cocaine base offenses.

<u>Santiago v. United States</u>, 09-CV-5739 (ARR), Doc. 3 (E.D.N.Y. Jan. 12, 2010). Despite this clear guidance, Santiago has chosen to rely on 28 U.S.C. § 2255 in pressing his challenge here.

In a February 22, 2010, judgment for revocation of probation or supervised release (attached as Appendix 1), District Court Judge Ross indicated that Santiago admitted a violation of one condition of his term of supervision - that he committed another federal, state, or local crime on October 18, 2009 – and sentenced him to six months of custody with no supervision to follow. <u>United States v. Santiago</u>, CR-08-117 (ARR), Doc. No. 9 (E.D.N.Y. Feb. 23, 2010). As a consequence, Santiago is no longer in custody under this Court's original criminal judgment. Accordingly any request for relief from this Court apropos that sentence appears moot. However, if this Court were inclined to consider Santiago's plaint, it would treat his motion as one brought pursuant to 18 U.S.C.§ 3582 as required by the First Circuit Court of Appeals and suggested by Judge Ross, not a petition to vacate the judgment under 28 U.S.C. § 2255.

### *Conclusion*

Having screened this 28 U.S.C. 2255 motion pursuant to Rule Governing Section 2255 Proceedings 4(b), I recommend that the Court deny Santiago § 2255 relief. I further recommend that a certificate of appealability should not issue in the event Santiago files a notice of appeal because there is no substantial showing of the denial of a constitutional right within the meaning of 28 U.S.C. § 2253(c)(2).

NOTICE

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which *de novo* review by the district court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof.  A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.

Failure to file a timely objection shall constitute a waiver of the right to *de novo* review by the district court and to appeal the district court's order.

/s/ Margaret J. Kravchuk
U.S. Magistrate Judge

March 2, 2010.